# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1314 | **DATE** | 10/14/2011 |
| **CASE TITLE** | Brandt vs. Alcoa, Inc. | | |

**DOCKET ENTRY TEXT**

The court adopts Judge Wedoff's Recommendation for Entry of Summary Judgment as the order of this court. The court has carefully engaged in *de novo* review of the entire record, *see In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004) and Fed. R. Bankr. P. 9033(d), and has considered all of the briefing filed after Judge Wedoff entered his Recommendation. The court is convinced that, for the reasons stated in Judge Wedoff's Recommendation, no issues of material fact remain for trial. Defendant's motion for summary judgment is granted.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

     Briefly, Plaintiff William A. Brandt is the trustee of Longview Aluminum, LLC's ("Longview's") bankruptcy estate. Brandt filed the amended complaint at issue in the Bankruptcy Court for the Northern District of Illinois, alleging that Alcoa, Inc. ("Alcoa") aided and abetted the former chairman of Longview, Michael Lynch, in breaching his fiduciary duties and committing acts of corporate waste by virtue of the sale of an Alcoa aluminum smelter to Longview. Brandt also claims that Alcoa was unjustly enriched as a result. Alcoa moved for summary judgment, arguing that the sale of the smelter could not constitute a breach of fiduciary duty or corporate waste because the purchase benefitted Longview (and arguments to the contrary were foreclosed by collateral estoppel), and that Brandt could not prevail on claims of unjust enrichment because the sale was governed by an express contract, Longview was not impoverished, and Alcoa was not enriched. Brandt responded that collateral estoppel was inapplicable, and that not only was Alcoa's unjust enrichment argument wrong as a matter of law, but that Alcoa was judicially estopped from making the argument. The bankruptcy court agreed with Alcoa. The court found that certain of Brandt's claims were precluded by factual findings made in a previous case, *Brandt v. Samuel, Son & Co. (In re Longview Aluminum, LLC)*, Nos. 03 B 12184, 04 A 01051, 04 A 00276, 04 A 00279, 2005 WL 3021173 (Bankr. N.D. Ill. July 14, 2005), *affirmed by Baldi v. Samuel Son & Co. (In re McCook Metals, LLC)*, No. 05 C 2990, 2007 WL 4287507 (N.D. Ill. Dec. 4, 2007) *and Baldi v. Samuel Son & Co.*, 548 F.3d 579 (7th Cir. 2008), and that no relevant facts supported the remaining claims. The bankruptcy court therefore recommended that this court grant summary judgment on all claims in favor of Alcoa. As noted above, the court fully embraces Judge Wedoff's February 25, 2010 Recommendation, but writes separately to provide a few additional thoughts.

     First, the court notes that Judge Wedoff did not expressly address Brandt's claim that Alcoa was judicially estopped from making its unjust enrichment argument. Brandt claimed that Alcoa was estopped from arguing that there can be no claim for unjust enrichment when a contract governs the parties' relationship because Alcoa took a contrary position before the court in Cowlitz County, Washington. Not only is this a mischaracterization

| STATEMENT |
|---|

of Alcoa's argument, but Brandt's conclusions are wrong as a matter of law. Alcoa clearly argued—not once, but twice—to the Washington court that Brandt's claim for unjust enrichment was precluded by the existence of a contract. (*See* Reply in Supp. of Alcoa's Mot. for Summ. J. Exs. 1 & 3, Case No. 08 A 0123, ECF No. 91 (N.D. Ill. Bankr.).) Only *after* that court denied Alcoa's motion to dismiss the unjust enrichment claim did Alcoa argue that, in light of the court's ruling that the contract did not govern the dispute, the unjust enrichment claim was extra-contractual. (*Id.* Ex. 5.) Further, relevant factors in evaluating a judicial estoppel claim include whether the party being estopped (1) took a position "clearly inconsistent with a position earlier taken," (2) "prevailed on the basis of its earlier position," and (3) "'would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Jarrard v. CDI Telecomm'cns., Inc.*, 408 F.3d 905, 914-15 (7th Cir. 2005) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). Not only is the court not persuaded that Alcoa would derive any unfair advantage by taking the position it has, but Alcoa did not prevail at that stage in the litigation—Brandt did.

Second, in his objection Brandt takes issue with Judge Wedoff's factual findings generally, but fails to point to any particular properly disputed fact or inference that was drawn against him as the non-moving party, nor does he identify any harm or prejudice resulting from these facts. Without being provided with any specifics regarding the alleged issue, this court is stripped of any ability to meaningfully evaluate the argument. As to the legal conclusions, Brandt now admits that at least one of the allegations is collaterally estopped, but claims that the remaining allegations "***do not*** relate at all" to the findings of the prior action. (*See* Trustee's Reply in Supp. of Objections, ECF No. 11, at 9.) For the reasons detailed by Judge Wedoff, this court disagrees.

Finally, the court must mention the deficiencies in Brandt's briefing. As Alcoa points out, many of Brandt's arguments are made without any supporting citation to relevant authority, and consist of little more than a bald statement of the desired legal conclusion[1]; these arguments would be waived in any event. *See Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005) ("Perfunctory or undeveloped arguments are waived."). Moreover, Brandt did not properly dispute Alcoa's statement of facts. The local rules of both this court and the bankruptcy court require any disputed fact to be supported by specific reference to affidavits, parts of the record, or other supporting materials. *See* Bankr. Rule 7056-2; L.R. 56.1(b). As a result, Alcoa's facts—including that "Longview LLC operated profitably as expected during the curtailment period, with a pretax profit of more than $2.9 million in 2001, *see* Statement of Fact ¶ 43—are deemed admitted. Brandt argues that "[w]hether or not facts have been 'effectively' disputed is not a matter for summary judgment, but for trial" (*see* Trustee's Reply in Supp. of Objections, ECF No. 11), but this argument misses the mark entirely: a party is not entitled to trial unless and until it demonstrates that a genuine issue of material fact exists. Brandt cannot do so, making summary judgment appropriate.

---

1. As one example, Brandt claims that collateral estoppel is inapplicable because the two cases are not closely related; in support, he simply states that the earlier case involved a core bankruptcy proceeding, whereas this case does not. That single sentence is the entirety of the argument. (*See* Trustee's Mem. in Opp. to Alcoa's Mot. for Summ. J. at 17, Case No. 08 A 0123, ECF No. 90 (N.D. Ill. Bankr.).)

| | Courtroom Deputy Initials: | RJ/JKF |
|---|---|---|